LAW OFFICE OF FELIX Q. VINLUAN
Felix Q. Vinluan, Esq. (FV6788)
450 Seventh Avenue, Suite 931
New York, NY 10123
(212) 643-2692
*Attorneys for the Plaintiffs*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 30 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FERMIN Q. BATAC, LUZ L. LEUS,
IAN L. SURREY and VIRGILIO C.
TIONGSON,

                          *Plaintiffs,*

- against -

NEW ALLEN SCHOOL, INC.
                       *Defendant.*
-----------------------------------------------------------X

MATSUMOTO, J.

GOLD, M.J.

10 Civ. 5525

COMPLAINT

Jury Trial Demanded

**PLAINTIFFS**, by and through their attorneys, the Law Office of Felix Q. Vinluan, hereby allege upon information and belief of the above named Defendant, as follows:

## NATURE OF THE ACTION

1. This is an age discrimination case brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter referred to as the "ADEA"), the New York State Human Rights Law (codified as New York Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* (the "City Human Rights Law").

1

2. As set forth herein, Plaintiffs, all of whom are aged more than forty years, were each employed for several years as teachers by New Allen School until each of them was unceremoniously terminated in July 2010.

3. No reason was given to each of the Plaintiffs at the time of their termination.

4. Upon information and belief, New Allen School thereafter replaced Plaintiffs and hired younger, less experienced teachers with ages ranging from mid-20s to late 30s.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, and over their pendent state law claims pursuant to 28 U.S.C. § 1367.

6. Plaintiffs' claim for declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

8. Plaintiffs Batac, Leus and Tiongson filed their respective charges of age discrimination with the Equal Employment Opportunity Commission regarding New Allen School's discriminatory conduct on or about August 3, 2010.

9. Plaintiff Surrey filed his charge of age discrimination with the Equal Employment Opportunity Commission regarding Defendant's discriminatory conduct on or about August 10, 2010.

10. More than sixty days have elapsed since Plaintiffs filed their respective age discrimination charges with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission has not issued a Right to Sue Letter.

## PARTIES

11. Plaintiff Fermin Q. Batac ("Batac") is a 46-year old citizen of the State of New York and resides in this District in Kings County, New York.

12. Plaintiff Luz L. Leus ("Leus") is a 62-year old citizen of the State of New York, and resides in this District in Nassau County, New York.

13. Plaintiff Ian L. Surrey ("Surrey") is a 55-year old citizen of the State of New Jersey and resides in Jersey City, New Jersey.

14. Plaintiff Virgilio C. Tiongson ("Tiongson") is a 66-year old citizen of the State of New York and resides in this District in Queens County, New York.

15. Defendant New Allen School, Inc. ("Allen School") is a domestic business corporation organized under the laws of the New York with its principal place of business in Centerport, New York. It operates two business school campuses: one, in Brooklyn, New York and; the second one, in Jamaica, Queens, New York.

## FACTUAL ALLEGATIONS

### BATAC

16. Plaintiff Batac was hired as an Instructor/Teacher by Allen School in February 2000 to teach computer concepts, applications, keyboarding, career development, office procedures and business English subjects at its Brooklyn campus.

17. Sometime on or about July 2003, Allen School's name was formally changed to New Allen School, Inc.

18. During all his years of employment with the Defendant, Batac was always given very satisfactory annual performance evaluations by his supervisors. In fact, he was given regular salary increases due to his good performance.

19. On July 9, 2010, Defendant called Batac for a conference. During said meeting, Defendant terminated Batac's services effective immediately. No reason was given for Batac's termination.

**LEUS**

20. Plaintiff Leus was hired as an Instructor/Teacher by Defendant Allen School in September 2006 to teach business English subjects at its Brooklyn campus.

21. During her more than three years of employment with Allen School, Plaintiff Leus was always given very satisfactory annual performance evaluations by her supervisors. In fact, she was given regular salary increases due to her good performance.

22. On July 9, 2010, Defendant called Leus for a conference. During said meeting, Defendant terminated Leus' services effective immediately. No reason was given for Leus' termination.

**SURREY**

23. Plaintiff Surrey was hired as an Instructor/Teacher by Allen School in September 2001 to teach EKG, phlebotomy, anatomy and physiology, clinical procedures, and laboratory procedures encompassing all medical topics, at its Brooklyn campus.

24. Sometime on or about July 2003, Allen School's name was formally changed to New Allen School, Inc.

25. During all his years of employment with the Defendant, Plaintiff Surrey was always given very satisfactory annual performance evaluations by his supervisors. In fact, he was given regular salary increases due to his good performance.

26. On July 9, 2010, Defendant called Surrey for a conference. During said meeting, Defendant terminated Surrey's services effective immediately. No reason was given for Surrey's termination.

**TIONGSON**

27. Plaintiff Tiongson was hired as an Instructor/Teacher by Allen School in July 1999 to teach at its Jamaica campus. After a couple of years, he was promoted as Dean.

28. After Allen School's name was formally changed to New Allen School Inc. in July 2003, Plaintiff Tiongson remained as a Dean at Defendant's Jamaica campus.

29. Sometime in 2004, Defendant and Tiongson decided that the latter became full-time Instructor to teach computer concepts, applications, keyboarding, career development, office procedures and business English subjects at the Jamaica campus.

30. During all his years of employment with the Defendant, Tiongson was always given very satisfactory annual performance evaluations by his supervisors. In fact, he was given regular salary increases due to his good performance.

31. On July 9, 2010, Defendant called Tiongson for a conference. During said meeting, Defendant terminated Tiongson's services effective immediately. No reason was given for Tiongson's termination.

**COMMON ALLEGATIONS**

32. Each of the Plaintiffs was qualified and/or licensed, and competent to teach business school subjects.

33. Plaintiffs' ages (over 40) were the but-for cause in Defendant's unlawful treatment of the Plaintiffs.

34. Upon information and belief, about two weeks prior to the terminations, Defendant's Chief Academic Officer (Ms. Linda Pasamaneck) told the Dean of the evening classes that she wanted to get rid of "old" teachers.

35. Upon information and belief, during the week of the terminations, Defendant's Chief Academic Officer told the Dean of the evening classes that she wanted to start the school's new modules with a "clean slate".

36. Sometime on or about early June 2010, Plaintiff Surrey saw and read an email message by Defendant's Chief Academic Officer addressed to other school administrators whereby Ms. Pasamaneck advised the latter that she wanted to get rid of "old" instructors.

37. After Defendant terminated the services of the Plaintiffs, it replaced them and hired new teachers who were aged between mid-20s and late 30s. The replacements were younger, significantly less experienced teachers.

38. Because of Defendant's unlawful actions, each of the Plaintiffs has suffered lost wages plus interest, and has been harmed physically and emotionally.

## FIRST CAUSE OF ACTION

### (Age Discrimination in Violation of the ADEA)

39. Plaintiffs repeat and re-allege paragraphs 1 through 38 as if fully set forth herein.

6

40. New Allen School, Inc. was at all relevant times Plaintiffs' employer, as that term is defined under the ADEA, 29. U.S.C. § 630.

41. Each of the Plaintiffs was protected by the provisions of the ADEA.

42. Defendant, through its agents and representatives, classified and/or stereotyped Plaintiffs because of their age in a manner to affect adversely Plaintiffs' status as employees, and otherwise to deny Plaintiffs equal opportunities for employment in violation of the ADEA.

43. Allen School's terminations of the Plaintiffs' employment discriminated against each of the Plaintiffs by denying them equal terms and conditions of employment because of their age (over 40), in violation of the ADEA.

44. Defendant's conduct was willful and intentional.

45. As a result of Defendant's discrimination against each of the Plaintiffs on the basis of their age, Plaintiffs have suffered lost wages plus interest, and consequential reduction of pension benefits.

## SECOND CAUSE OF ACTION

### (Age Discrimination in Violation of the State Human Rights Law)

46. Plaintiffs repeat and re-allege paragraphs 1 through 45 as if fully set forth herein.

47. State Human Rights Law Executive Law § 296(1) prohibits the discrimination in employment based on age. Each of the Plaintiffs is more than 40 years old.

48. Defendant, through its agents and representatives, classified and/or stereotyped Plaintiffs because of their age in a manner to affect adversely Plaintiffs'

status as employees, and otherwise to deny Plaintiffs equal opportunities for employment in violation of the State Human Rights Law.

49. Allen School's terminations of the Plaintiffs' employment discriminated against each of the Plaintiffs by denying them equal terms and conditions of employment because of their age (over 40), in violation of the State Human Rights Law.

50. Allen School's age-based decision-making process and age-based perspective that favored employees under the age of 40, discriminated against each of the Plaintiffs by denying them equal terms and conditions of employment, and limited or classified the Plaintiffs, because of their age (over 40), in violation of the State Human Rights Law.

### THIRD CAUSE OF ACTION

### (Age Discrimination in Violation of the City Human Rights Law)

51. Plaintiffs repeat and re-allege paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiffs were at all relevant times herein Defendant's employees as that term is defined under Title 8 of the City Human Rights Law.

53. Defendant was at all relevant times Plaintiffs' employer, as that term is defined under § 8-102(5) of the City Human Rights Law.

54. Defendant, through its agents and representatives, classified and/or stereotyped Plaintiffs because of their age in a manner to affect adversely Plaintiffs' status as employees, and otherwise to deny Plaintiffs equal opportunities for employment in violation of the City Human Rights Law.

55. Allen School's terminations of the Plaintiffs' employment discriminated against each of the Plaintiffs by denying them equal terms and conditions of employment because of their age (over 40), in violation of the City Human Rights Law.

56. Allen School's age-based decision-making process and age-based perspective that favored employees under the age of 40, discriminated against each of the Plaintiffs by denying them equal terms and conditions of employment, and limited or classified the Plaintiffs, because of their age (over 40), in violation of the City Human Rights Law.

57. Defendant's acts and omissions were committed with malice toward Plaintiffs or with a reckless indifference to Plaintiffs' rights under the City Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an award:

a. Declaring the acts and practices complained of herein are in violation of the ADEA, the State Human Rights Law and the City Human Rights Law;

b. Enjoining and permanently restraining these violations of the ADEA, the State Human Rights Law and the City Human Rights Law;

c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

d. Directing Defendant to place each of the Plaintiffs in the position that each would be in but for Defendant's discriminatory treatment of him/her, and to make him/her whole for all earnings and benefits he/she would have received but for Defendant's discriminatory treatment, including but not limited to, wages and other lost benefits;

e. Directing Defendant to reinstate the Plaintiffs;

f. Directing Defendant to pay Plaintiffs liquidated damages for Defendant's willful violation of the ADEA;

g. Directing Defendant to pay an additional amount to compensate Plaintiffs for the emotional distress Defendant's unlawful conduct has caused him/her;

h. Awarding each of Plaintiffs such interest as is allowed by law;

i. Awarding each of Plaintiffs reasonable attorney's fees and costs, and;

j. Granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: November 22, 2010.

New York, New York.

LAW OFFICE OF FELIX Q. VINLUAN

By: _____

Felix Q. Vinluan, Esq. (FV6788)
450 Seventh Avenue, Suite 931
New York, NY 10123
Tel. No. 212-643-2692
Fax No. 212-643-3494
*Attorneys for Plaintiffs*

## VERIFICATION

STATE OF NEW YORK  )
                   ) S.S.
CITY OF NEW YORK   )

WE, FERMIN BATAC, LUZ LEUS, IAN SURREY and VIRGILIO TIONGSON, all of legal age, after having been sworn in accordance with law, hereby state that we are the individual plaintiffs in the within Complaint. We have each read the foregoing complaint and know the contents thereof. The contents are true to our respective individual knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, each of us believes them to be true.

_____        _____
FERMIN BATAC                     LUZ LEUS

_____        _____
IAN SURREY                       VIRGILIO TIONGSON

Subscribed to before me this 22ND day of November 2010 in New York, New York.

/s/ Felix Q. Vinluan, Esq.
Notary Public, State of New York
No. 02VI6129101
Qualified in Nassau County
Commission expires on 06-20-2013